UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RADLEY J. BRADFORD, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ENOVA INTERNATIONAL, INC., d/b/a CNU ONLINE HOLDINGS,<br><br>    Defendant. | Case No. 4:21-cv-00065 |

## CLASS ACTION COMPLAINT

**NOW COMES** RADLEY J. BRADFORD, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of ENOVA INTERNATIONAL, INC. d/b/a CNU ONLINE HOLDINGS, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2.  "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) citing 15 U.S.C. § 1681(a)(4).

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

4. Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

5. RADLEY J. BRADFORD ("Plaintiff") is a natural person who at all times relevant resided in Houston, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

7. ENOVA INTERNATIONAL, INC. d/b/a CNU ONLINE HOLDINGS ("Defendant") is a corporation organized under the laws of Delaware.

8. Defendant maintains its principal place of business in Chicago, Illinois.

9. Defendant is a prominent debt collector that collects consumer debt owed to third parties.

10. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

## FACTUAL ALLEGATIONS

11. On or about January 4, 2021, Plaintiff obtained a copy of his ChexSystems credit report.

12. The ChexSystems credit report revealed that Defendant obtained Plaintiff's credit report on or around August 26, 2019.

13. After further review, it was determined that Clarity Services had performed the inquiry on Defendant's behalf.

14. Specifically, the ChexSystems credit reported depicted, in pertinent part, as follows:

> **Inquirer:** CLARITY SERVICES; PO BOX 5717, CLEARWATER, FL 33758
> **Phone Number:** 866.390.3118
>
> **On Behalf Of:** CNU ONLINE HOLDINGS; 200 W JACKSON, CHICAGO, IL 60606
> **Phone Number:** Telephone Number Not Available  312-568-4200
> **Inquiry Date:** 08/26/2019                                **SSN/ID Provided:**

15. On January 4, 2021, suspicious of Defendant's access to his private credit information, Plaintiff placed a phone call to Defendant to obtain information regarding Defendant's access of his ChexSystems credit report.

16. After initiating the call, Plaintiff was greeted by Defendant's automated system.

17. After providing his phone number, Defendant's automated system notified Plaintiff that it could not locate an account associated with Plaintiff's phone number.

18. Plaintiff was then transferred to a live representative named Jasmine.

19. Jasmine was unable to locate an active account for Plaintiff by searching Plaintiff's first name, last name, and date of birth.

20. Further, Jasmine stated that Plaintiff had never had a payday loan with any of their payday loan companies and was, in fact, rejected for a loan at some point.

21. Plaintiff was concerned because he never applied for a payday loan with Defendant or any of its companies.

22. Jasmine went on to state that Plaintiff did not meet the criteria for a payday loan and would not be approved for one.

23. Concerned with the information that Jasmine had provided, Plaintiff ordered a copy of his Clarity Services credit report.

24. The Clarity Services credit report revealed that Defendant obtained Plaintiff's credit report on August 26, 2019.

25. Specifically, the Clarity Services credit reported depicted, in pertinent part, as follows:

**Inquiries seen by others**

8/26/2019 8:57:27 am EDT 7nwfv29bs4 Credit Application Online Payday Loan CNU Online Holdings

26. Concerned, Plaintiff immediately placed a phone call to Clarity Services and spoke with representative, Lydia.

27. During this phone call, Plaintiff initiated a non-permissible pull dispute under reference number GPXUHWN5.

28. Lydia also attached a copy of the ChexSystems report to have that inquiry investigated and disputed as well.

29. At the time that Defendant accessed Plaintiff's credit reports, Plaintiff did not have any form of relationship with Defendant.

30. At the time that Defendant accessed Plaintiff's credit reports, Plaintiff was not in the process of forming any relationship with Defendant.

31. At no point in time did Plaintiff authorize Defendant to access his ChexSystems or Clarity Services credit reports.

32. Upon information and belief, Defendant falsely represented to ChexSystems and Clarity Services that Plaintiff had a business relationship with Defendant or that Defendant was attempting to collect a debt allegedly owed by Plaintiff.

33. Accordingly, Defendant accessed Plaintiff's highly private credit information under false pretenses and without Plaintiff's knowledge or authorization.

**DAMAGES**

34. Defendant's intrusive conduct resulted in significant harm to Plaintiff.

35. Defendant's "inquiry" will remain on Plaintiff's ChexSystems and Clarity Services credit reports for several years and gives off the false impression that Plaintiff applied for a payday loan.

36. The existence of a credit inquiry from a debt collector on Plaintiff's ChexSystems and Clarity Services credit reports creates a false impression that Plaintiff applied for a payday loan, thus rendering Plaintiff a high-risk consumer and damaging his credit worthiness.

37. Defendant's unauthorized access of Plaintiff's credit information was highly intrusive, invaded Plaintiff's privacy, and led Plaintiff to believe he may be a victim of identity theft.

38. As a result of Defendant's conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically: invasion of privacy, mental and emotional distress, and time wasted monitoring his credit reports for fraudulent activity.

39. Alarmed by Defendant's intrusive conduct, Plaintiff retained counsel to protect his privacy and enforce his rights.

## CLASS ALLEGATIONS

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Upon information and belief, Defendant systematically accesses consumers' credit reports by falsely representing to the credit reporting agencies that the consumers are applying for a payday loan from Defendant.

42. Defendant's systematic practice of accessing consumers' credit reports without a permissible purpose prescribed by the FCRA constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

43. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) who have had their consumer credit report(s) obtained by Defendant; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) who did not have a business relationship with Defendant and (4) for which Defendant did not have a permissible purpose enumerated in the Fair Credit Reporting Act to access such person's credit report(s).

44. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

45. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

46. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

47. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

48. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

49. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

50. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability

51. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

52. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

53. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

54. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

55. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

56. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

57. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's Violations of 15 U.S.C. § 1681b(f)
### (on behalf of Plaintiff and the Members of the Putative Class)

58. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

59. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

60. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

61. Plaintiff's ChexSystems credit report that Defendant accessed without authorization is a "consumer report" as defined by §1681a(d)(1).

62. Plaintiff's Clarity Services credit report that Defendant accessed without authorization is a "consumer report" as defined by §1681a(d)(1).

63. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the person or entity has a permissible purpose enumerated in the FCRA. *See* 15 U.S.C. §1681b(f).

64. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's ChexSystems and Clarity Services credit reports without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

65. As set forth above, Plaintiff does not currently nor has he ever had a payday loan with Defendant and Plaintiff never authorized Defendant to access his ChexSystems or Clarity Services credit reports.

66. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit reports without a permissible purpose under the FCRA.

67. In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's credit reports without a permissible purpose under the FCRA.

68. As set forth above, Plaintiff was harmed by Defendant's conduct.

69. Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

70. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

71. Due to Defendant's unlawful conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, RADLEY J. BRADFORD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, as follows:

A. Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel.

B. Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act.

C. Enjoining Defendant from accessing consumer credit reports without a permissible purpose.

D. Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations.

E. Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n.

F. Awarding Plaintiff and the class members punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

G. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

H. Awarding any other relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: January 8, 2021                                         Respectfully Submitted,

**RADLEY J. BRADFORD**

By: /s/ *Victor T. Metroff, Esq.*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff and the Putative Class Members*
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com